**Albert VACCARO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 71–1119.**

United States Court of Appeals,
Eighth Circuit.

Oct. 21, 1971.

James A. Polsinelli, Kansas City, Mo., for appellant.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., for appellee.

Before JOHNSEN, Senior Circuit Judge, and GIBSON and LAY, Circuit Judges.

GIBSON, Circuit Judge.

Appellant Albert Vaccaro seeks to void a 1934 conviction in the United States District Court for the Western

District of Missouri for the transportation of untaxed liquor in violation of the applicable section of the Liquor Taxing Act of 1934. He was charged by indictment containing five counts all relating to the transportation of 26 half pints of moonshine whiskey. He was represented by counsel, presumably obtained by his family, and after consultation with counsel pleaded guilty to count I; the remaining counts were dismissed. The charges against his older brother Louis relating to the same incident were also dismissed.

The conviction occurred when Vaccaro was 19 years of age. After completing a four month's jail sentence for this offense and after reaching the age of 21 years, he has been continually engaged ·in his occupation of a bartender or an employee in a business selling alcoholic beverages at retail, which occupation requires a permit from the City of Kansas City, Missouri. The City Director of Liquor Control refused to renew Vaccaro's bartender permit last year, holding he was ineligible on account of the conviction in question. Vaccaro has had no further involvement with the criminal law and has maintained a clean record since 1934.

Vaccaro asserts that his plea was involuntary since he did not realize that he was pleading guilty to a felony and did not comprehend the consequences flowing from his plea. The District Court, after a plenary hearing at which Vaccaro and his attorney in the 1934 case testified, found the evidence insufficient to set aside the guilty plea.

We find that the District Court's resolution of this issue upon the somewhat conflicting evidence adduced is not clearly erroneous and must be affirmed by us. However, in view of the apparent injustice imposed on Vaccaro by the civil disability enactment, we feel a brief comment is in order.

This is an appealing case for relief since appellant was only 19 years old at the time of this offense and in view of his clean record since that time, the lifetime attainder imposed by the City appears to be out of all proportion to this 1934 offense,[1] and could well present constitutional questions. However the constitutional issue of the validity of the lifetime civil disability is not before us in this case, and on the record we feel Judge Hunter's findings must be affirmed.

Affirmed.

1. In this regard it is appropriate to note the limitations placed by Congress on the issuance of permits under the Federal Alcohol Administration Act which denies a permit to those who have "within five years prior to the date of application, been convicted of a felony under Federal or State law or has, within three years prior to date of application, been convicted of a misdemeanor under any Federal law relating to liquor, including the taxation thereof; * * *." 27 U.S.C. § 204 (a) (2) (A).